UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| TERRANCE MACKEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 14-0980 (RC) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

The defendant, by counsel, has filed a motion to dismiss the complaint [ECF No. 6].[1] For the reasons discussed below, the motion will be granted.

I.  BACKGROUND

"[O]wing to his age," plaintiff had been "awarded the sum of $929.00 per month, and decreasing to $905.00 per month, as Social Security Benefits." Verified Complaint ("Compl.") ¶ 6.  He received payments in August and December 2004, *id*. ¶¶ 6, 8, "but through some oversight or problem," *id*. ¶ 8, he had not received payments between August 2005 and August 2007, *id*. Plaintiff has been incarcerated since 2008, *id*. ¶ 9, and presently is confined in a federal correctional facility in Terre Haute, Indiana, *id*. ¶ 1.

---

[1]  The proper defendant in this action is the Commissioner of Social Security, not the United States of America.  Nevertheless, in light of plaintiff's *pro se* status, the Court proceeds as if the proper defendant had been named.

According to plaintiff, defendant owes him $9,194.00.  *Id*. ¶ 11.  He alleges that he "made [a] demand for payment . . . which was rejected . . . on or about March 13, 2013."  *Id*. ¶ 12.  Defendant, plaintiff explains, "could not issue payment to [him] under Social Security Act Article 202(x)(1)(A) [because he] is imprisoned."  *Id*. ¶ 13.  Plaintiff now seeks a court order directing defendant "to pay [him] the sum of Nine-thousand, one-hundred, ninety-four dollars ($9,194.00) plus interest thereon, from August of 2005[,]" among other relief.  *Id*. at 5 (page number designated by ECF).

## II.  DISCUSSION

Defendant asserts that a "special venue statute . . . applies to Social Security appeals," Motion to Dismiss and Supporting Memorandum of Points and Authorities ("Def.'s Mot.") at 4, under which an action for review of a final decision of the Commissioner of Social Security "shall be brought in the . . . judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia."  42 U.S.C. § 405(g).  Defendant argues that venue in this district is not proper because plaintiff "is in prison in Indiana, and he does not allege that he has a principal place of business in the District of Columbia."  Def.'s Mot. at 4.  Plaintiff "urges the Court to refrain from the drastic, and uncalled for remedy of dismissal," opting instead to "transfer the matter to the Federal District in Indianapolis, Indiana" if the Court "determine[s] that this District [is] forum non conveniens."  Plaintiff Terrance Mackey's Opposition to the Defendant's Motion to Dismiss at 3.

The Court may dismiss an action filed in the wrong district or, if it is in the interest of justice, instead may transfer the case to any district where the action could have been brought.

*See* 28 U.S.C. § 1406(a).  In this Circuit, a prisoner "resides" in the federal district where he is incarcerated.  *In re Pope*, 580 F.2d 620, 622 (D.C. Cir. 1978) (stating that "for purposes of the general venue statute a prisoner has his residence at his place of confinement") (citing *Starnes v. McGuire*, 512 F.2d 918, 925 n.7 (D.C. Cir. 1974)); *Jones v. United States*, 820 F. Supp. 2d 58, 61 (D.D.C. 2011) (finding that prisoner incarcerated in the Eastern District of Virginia resides in that district, such that, "under the law of this Circuit, the District of Columbia is not a proper venue for this action").  Plaintiff does not reside in the District of Columbia, and he could have brought this action in the Southern District of Indiana where the Terre Haute facility is located.

Ordinarily, transfer is preferable to dismissal, *see, e.g., Sierra Club v. Tennessee Valley Auth.*, 905 F. Supp. 2d 356, 364 (D.D.C. 2012), particularly where transfer removes "procedural obstacles" such as "the lack of personal jurisdiction, improper venue and statute of limitation bars."  *Sinclair v. Kleindienst*, 711 F.2d 291, 294 (D.C. Cir. 1983) (citation omitted).  However, transfer is not warranted where it appears that dismissal by the transferee court is likely because the complaint fails to state a claim upon which relief can be granted.  *See Ananiev v. Wells Fargo Bank, N.A.*, 968 F. Supp. 2d 123, 133-34 (D.D.C. 2013).  This is such a case.

It appears that payment of benefits owed to plaintiff for any time period prior to his incarceration is barred under the No Social Security Benefits for Prisoners Act of 2009, Pub. L. No. 111-115, 123 Stat. 3029 (2009), which in relevant part provides:

> In the case of payment of less than the correct amount of benefits to or on behalf of any individual, no payment shall be made to such individual . . . during any period for which such individual . . . is not an eligible individual . . . because such individual is an inmate of a public institution that is a jail, prison, or other penal institution or correctional facility the purpose of which is to confine individuals . . . , until such person is no longer considered an ineligible individual . . . .

42 U.S.C. § 1383(b)(7)(A).  The Court is persuaded by the reasoning of the United States Court of Appeals for the Second Circuit:

> [A]n incarcerated individual who has been underpaid social security benefits may not receive payment of those benefits until he . . . is released from prison.  In particular, we read the relevant statutory language, that the Act "shall be effective for payments that would otherwise be made" after the date of the Act's enactment, as clearly stating that no payments shall be made to prisoners after the Act's enactment, even if the underlying obligation to pay predates the Act . . . .  To pay [the incarcerated plaintiff] now would require SSA to re-tender a check to him while he remains "an inmate of a public institution that is a jail, prison, or other penal institution or correctional facility."  42 U.S.C. § 1383(b)(7)(A).  The text of the Act clearly bars such payments, without exception.  *See id*. ("no payment shall be made . . . during any period" in which an individual is incarcerated).

*Fowlkes v. Thomas*, 667 F.3d 270, 272 (2d Cir. 2012) (per curiam).  Even if defendant owes plaintiff benefits accrued for a period before his incarceration, the No Social Security Benefits for Prisoners Act bars payment of these benefits as long as plaintiff remains incarcerated.

If the Court were to transfer this action, it is likely that the complaint would be dismissed because it fails to state a claim upon which relief can be granted.  Under these circumstances, the Court concludes that it is not in the interest of justice to transfer this action and, instead will grant defendant's motion to dismiss.  *See Paiva v. United States*, No. 13-49 C, 2013 WL 1715765, at *1 (Fed. Cl. 2013) (citing *Fowlkes*, noting that transfer of prisoner's claim for Social Security benefits "would appear to be futile").

An Order accompanies this Memorandum Opinion.

/s/
RUDOLPH CONTRERAS
United States District Judge

DATE: February 3, 2015